NEW YORK PRACTICE REPORTS. 289

In the matter of The People agt. Hart.

## SUPREME COURT.

### IN THE MATTER OF THE PEOPLE agt. JOSHUA HART.

The statute (*Laws* 1862, *p.* 476) declares that " it shall not be lawful to sell or furnish any wine, *beer* strong or spirituous liquors to any person in the auditorium or lobbies of such place of exhibition or performance mentioned in the first section of this act."

*Held,* that where the *warrant* charged the defendant with having sold *lager beer,* instead of " beer," it did not charge an *offence* on its face.

*New York General Term, November,* 1862.

INGRAHAM, LEONARD and PECKHAM, *Justices.*

By the court, PECKHAM, Justice. This is virtually an appeal from the decision of Mr. Justice BARNARD, who discharged the defendant on the ground that no offence was charged against him in the warrant of arrest. The case was before Judge BARNARD on. *habeas corpus,* and comes here for review on a *certiorari.*

The statute declares that " it shall not be lawful to sell or furnish any wine, beer, strong or spirituous liquors to any person in the auditorium or lobbies of such place of exhibition or performance mentioned in the first section of this act," &c. (*Laws of* 1862, *p.* 476.)

The principle has been settled in substance, that " beer," in statutes of this character and in such connection, must mean " strong liquor, that is, strong enough with the inebriating principle or element, whether obtained by distillation or fermentation, to produce intoxication." (*Board of Excise* agt. *Taylor,* 20 *N. Y. R.,* 178.)

The warrant in this case charged the defendant with having sold " lager bier."

It may be made to appear by proof, possibly, that " lager bier" is a kind of beer forbidden by the act. But that is not sufficient in a warrant, without other averments. The court cannot take judicial notice that " lager bier" belongs to the prohibited character or class. The warrant should

charge an offence on its face; what the court can see is an offence; should distinctly state the fact that showed the violation of the statute. It would have been sufficient to charge that the defendant had sold "beer" in the prohibited place, and then sustained that charge by proving the sale of lager bier, if lager be, from its properties, within the prohibition; or the warrant might have charged by averment, that lager was of that character of beer. But there is nothing now in the warrant that shows either by fact or averment, that "lager bier" is within the prohibition of the act.

The order for defendant's discharge was therefore right, and is affirmed.